SHEDD, Circuit Judge,
concurring:
To a casual observer, our decision could easily appear odd. Nicole Grant stole approximately $42,000 from the United States. Consistent with congressional mandate, the sentencing court ordered Grant to pay restitution under a monthly payment schedule, and it made this order part of the criminal sentence and a condition of her probation.[1] Today, we hold *561 that the district court abused its broad discretion by adding a special condition of probation that requires Grant to apply towards her restitution obligation, among other things, any future money she may receive in the form of an income tax refund (presumably federal or state). In practical terms, our holding means that even though Grant stole from the United States a significant amount of money, most of which she has yet to repay, the United States the victim of her crime) must refund any future excess federal income tax payment she makes so that she may use it as she wishes rather than apply it to her restitution obligation.
The district court’s exercise of discretion to modify Grant’s special conditions of probation in an effort to ensure that Grant meets as much of her restitution obligation as is possible is commendable, especially in view of the fact that the court otherwise appears to have been entirely accommodating regarding her financial ability to pay restitution. Nonetheless, I am constrained to agree with the majority that the district court abused its discretion under the specific facts of this case. Grant’s presentence investigation report, which is part of the record, establishes that she consistently received relatively substantial income tax refunds at the time she was originally sentenced, and those refunds are comparable to the refunds she has received thereafter. The sentencing court was therefore aware of Grant’s receipt of income tax refunds when it first set her restitution payment schedule, and it factored them into her ability to pay restitution.[2]
In short, Grant’s annual receipt of a relatively substantial income tax refund has the outward appearance of being a financial windfall for her when compared to her normal monthly income. However, upon closer review, her income tax refunds are not windfalls in the context of her previously determined ability to pay restitution. In adding the special condition at issue here, the district court did not account for the fact that Grant’s history of receiving income tax refunds had previously been factored into her payment schedule and, therefore, the receipt of any future income tax refunds does not represent a change in her ability to pay restitution. On this basis alone, I concur in the majority’s decision to vacate the order setting the special condition.

. Grant was sentenced in federal court in Florida, but jurisdiction over her case and supervision of her probation was later transferred to the Eastern District of Virginia, which entered the order now before us. Both the sentencing court and the district court below lowered Grant's monthly payments in an effort to accommodate her financial ability to pay.

. Apparently, Grant did not bring this fact to the district court’s attention during the pertinent proceedings below. Likewise, she does not mention it in her appellate brief. However, it is part of the case record.